UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23036-CIV-COOKE

WALTER LARSSEN,

    *Plaintiff*,

NCL (BAHAMAS) LTD. d/b/a NCL,

    *Defendant*.

_____/

**DEFENDANT'S MOTION TO DISMISS AND
MOTION TO COMPEL ARBITRATION**

Defendant, NCL (BAHAMAS) LTD. ("Norwegian"), by and through undersigned counsel and pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention") and the applicable Federal Rules of Civil Procedure, hereby moves this Honorable Court to dismiss Plaintiff's Complaint and enter an Order requiring the Plaintiff to submit to arbitration pursuant to the mandatory arbitration clauses contained in the Plaintiff's Employment Agreement with Norwegian ("Employment Agreement") and the applicable Collective Bargaining Agreement ("CBA"), and in support thereof states as follows:

**INTRODUCTION**

Plaintiff, Walter Larssen ("Plaintiff"), a citizen of Argentina, was a crewmember on Norwegian's vessel, the *Norwegian Gem*. [D.E. 1-1 at ¶ 2, 7]. Norwegian is a Bermuda Corporation with its principal place of business and base of operations in Miami, Florida. The vessel on which the Plaintiff was a crewmember at the time of his alleged injuries, the *Norwegian Gem*, is a cruise ship registered and flagged under the laws of the Bahamas.

On June 6, 2011, Plaintiff entered into a contract of employment with Norwegian, which contains a mandatory arbitration clause. *See* Employment Agreement, attached hereto as Exhibit

"A." The Employment Agreement indicates the Plaintiff's sign-on date of June 5, 2011. *Id*. By executing the Employment Agreement, the Plaintiff contractually agreed that his employment with Norwegian was governed by the terms and conditions contained within the Employment Agreement as well as the referenced and applicable Collective Bargaining Agreement ("CBA").

*Id.* Paragraph 1 of the Employment Agreement states, in relevant part, as follows:

> Employee expressly acknowledges that he/she has been advised and understands that all rights, obligations and duties of the Employer to the Employee are governed by and subject to the CBA ... The CBA is collectively bargained for by the Norwegian Seaman's Union and covers the employment relationship established herein notwithstanding whether the Employee is a member of the Norwegian Seaman's Union and any subsequent Protocol entered into between Employer and the Norwegian Seaman's Union.

*Id* at ¶ 1. Paragraph 15 of the Employment Agreement states, in relevant part, as follows:

> ARBITRATION – Seaman agrees, on his own behalf and on behalf of his heirs, executors, and assigns, that any and all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with Company including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, wages, or otherwise, no matter how described, pleaded or styled, and whether asserted against Company, Master, Employer, Ship Owner, Vessel or Vessel Operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention and Recognition and Enforcement of Foreign Arbitral Awards (New York 1958 "The Convention"), except as otherwise provided in any government mandated contract, such as the Standard POEA Contract for Seafarers from the Philippines. The arbitration shall be administered by the American Arbitration Association ("AAA") under its International Dispute Resolution Procedures. No dispute may be joined with another lawsuit, or in an arbitration with a dispute for any other person, or resolved on a class-wide basis.
> ***
> The place of the arbitration shall be the Seaman's country of citizenship, unless arbitration is unavailable under The Convention in that country, in which case, and only in that case, said arbitration shall take place in Nassau, Bahamas. The substantive law to be applied to the arbitration shall be the law of the flag of the vessel.
> ***
> The Company and the Seaman acknowledge that they voluntarily and knowingly waive any right they have to a jury trial. The arbitration referred to in this Article is exclusive and mandatory. Lawsuits or other proceedings between the Seaman

>and the Company may not be brought except to enforce the arbitration provision of this Agreement or to enforce a decision of the Arbitrator.

*Id*. at ¶ 15.

The Employment Agreement also incorporates by reference the CBA. Article 29(7) of the CBA states, in relevant part, as follows:

>Arbitration: The NSU, Seafarer and NCL agree that all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seafarer's shipboard employment with NCL including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, or otherwise, no matter how described, pleaded or styled, and whether asserted against NCL, Master, Employer, Ship Owner, Vessel or Vessel Operator … shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958) ("The Convention")[.]

*See* Collective Bargaining Agreement, attached hereto as Exhibit "B," at Art. 29(7)(a).

Despite the mandatory arbitration clauses contained in the Employment Agreement and the CBA, the Plaintiff filed his Complaint against Norwegian in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, bearing Case No. 14-018826-CA04, asserting claims for Jones Act Negligence (Count I), Unseaworthiness (Count II), Failure to Provide Maintenance and Cure (Count III) and Failure to Treat (Count IV). *See* [D.E. 1-1]. On August 18, 2014, Norwegian filed a Notice of and Petition for Removal to Federal Court pursuant to the Convention and its enabling legislation, 9 U.S.C. §201 *et. seq.*, and this cause was removed to this Honorable Court. [D.E. 1]. Norwegian now moves to dismiss the Plaintiff's Complaint and to compel arbitration pursuant to 9 U.S.C. 202, *et. seq.*

The Plaintiff should be compelled to submit to arbitration pursuant to paragraph 15 of the Employment Agreement and Article 29(7)(a) of the CBA. All jurisdictional prerequisites for compelling arbitration pursuant to the Convention are satisfied since the Employment Agreement meets all four criteria required by the Convention: (1) it is in writing; (2) it provides for

3

arbitration in the territory of a Convention signatory; (3) it arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen. Further, there are no affirmative defenses under the Convention that bar arbitration. Courts in the Eleventh Circuit[1] and Southern District of Florida[2] have consistently held arbitration provisions like the one at hand to be enforceable and have compelled arbitration. Accordingly, Norwegian respectfully requests that this Court grant its Motion to Dismiss and to Compel Arbitration.

## MEMORANDUM OF LAW

### I.     Plaintiff's Claims are subject to Arbitration under the Convention.

Arbitration agreements arising out of seamens' relationships with their employers are enforceable pursuant to the Convention. *See* 9 U.S.C. §§ 201-208; *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005). The Convention provides that a court possessing jurisdiction under the Convention, when seized of an action in which the parties have made an agreement to

---

[1] *See Lindo v. NCL (Bahamas) Ltd.,* 652 F.3d 1257 (11th Cir. 2011); *Maxwell v. NCL (Bahamas) Ltd.*, 454 Fed. Appx. 709 (11th Cir. 2011); *Paucar v. MSC Crociere S.A.*, 552 Fed. Appx. 872 (11th Cir. 2014); *Brown v. Royal Caribbean Cruises, Ltd.*, 549 Fed. Appx. 861 (11th Cir. 2013); *Singh v. Carnival Corp.*, 550 Fed. Appx. 683 (11th Cir. 2013); *Quiroz v. MSC Mediterranean Shipping Co. S.A.*, 522 Fed. Appx. 655 (11th Cir. 2013); *Fernandes v. Carnival Corp.*, 484 Fed. Appx. 361 (11th Cir. 2012); *Henriquez v. NCL (Bah.), Ltd.*, 440 Fed. Appx. 714 (11th Cir. Fla. 2011).

[2] *See Centeno v. NCL (Bahamas) Ltd.*, 2012 U.S. Dist. LEXIS 39741 (S.D. Fla. Mar. 1, 2012) (granting motion to dismiss for improper venue and to compel arbitration); *Stankov v. Princess Cruise Lines, Ltd.*, 2012 U.S. Dist. LEXIS 55239 (S.D. Fla. Apr. 19, 2012); *Downer v. Royal Caribbean Cruises, Ltd.*, 2012 U.S. Dist. LEXIS 75233 (S.D. Fla. May 31, 2012); *Lujan v. Carnival Corp.,* 2012 U.S. Dist. LEXIS 45812 (S.D. Fla. Apr. 2, 2012); *Williams v. Royal Caribbean Cruises, Ltd.*, 2011 U.S. Dist. LEXIS 44101 (S.D. Fla. Apr. 18, 2011); *Hodgson*, 706 F. Supp. 2d 1248 (S.D. Fla. Aug. 4, 2009); *Allen v. Royal Caribbean Cruises, Ltd.*, 2008 U.S. Dist. LEXIS 103783 (S.D. Fla. 2008), *aff'd* 2009 U.S. App. LEXIS 25626 (11th Cir. 2009); *Polychronakis v. Celebrity Cruises, Inc*., 2008 U.S. Dist. LEXIS 102760 (S.D. Fla. 2008); *Del Orbe*, 549 F. Supp. 2d 1365; *Lobo v. Celebrity Cruises Inc.*, 426 F. Supp. 2d 1296 (S.D. Fla. 2006), *aff'd* 488 F.3d 891 (11th Cir. 2007); *Amon v. Norwegian Cruise Lines, Ltd*., 2002 U.S. Dist. LEXIS 27064  (S.D. Fla. 2002).

arbitrate, "shall, at the request of one of the parties, refer the parties to arbitration."[3] *See* Text of the Convention, attached hereto as Exhibit "C," at Art II, ¶3.

Where a cruise line employee signed an employment agreement to arbitrate all claims, "the Court must conduct 'a very limited inquiry' in deciding whether to compel arbitration under the Convention ..., codified at 9 U.S.C. §206." *Stankov v. Princess Cruise Lines, Ltd.*, 2012 U.S. Dist. LEXIS 55239, *2 (S.D. Fla. Apr. 19, 2012) (citing *Bautista*, 396 F.3d at 1294); *see also Francisco v. Stolt Achievement M/T*, 293 F.3d 270, 272 (5th Cir. 2002). A court must order arbitration if the following four jurisdictional prerequisites are satisfied: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen. *See* 9 U.S.C § 202; *Bautista*, 396 F.3d at 1295, n.7. If these four conditions are met, the Court must then consider whether an affirmative defense under the Convention bars arbitration. *Bautista,* 396 F.3d at 1294.

In deciding whether the four *Bautista* prerequisites are met and whether an affirmative defense applies, the Court should be mindful that federal law strongly favors agreements to arbitrate, particularly in international commercial transactions. *See Scherk v. Alberto-Culver Co.,* 417 U.S. 506 (1974); *Lathan v. Carnival Corp.*, 2009 U.S. Dist. Lexis (S.D. Fla. 2009). In *Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 629 (1985), the Supreme Court held:

> [C]oncerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement [to submit to arbitration in Japan], even assuming that a contrary result would be forthcoming in a domestic context.

---

[3] The United States is a signatory to the Convention and has implemented its terms through the enactment of 9 U.S.C. §§ 201-208.

Relying on *Mitsubishi*, this Court has also stated that "there is a strong federal policy favoring arbitration and doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Stankov v. Princess Cruise Lines, Ltd.*, 2012 U.S. Dist. LEXIS 55239 (S.D. Fla. Apr. 19, 2012).

### A.     There is an Agreement in Writing to Arbitrate

The Employment Agreement between the Plaintiff and Norwegian is in writing and requires binding arbitration of any and all claims, grievances and disputes of any kind whatsoever including, but not limited to, claims under the Jones Act and claims for maintenance and cure. *See* Exhibit "A" at ¶ 15. *See Downer,* 2012 U.S. Dist. LEXIS at *3 (finding that the first *Bautista* prerequisite was satisfied because the employment agreement was in writing); *See also Hodgson v. Royal Caribbean Cruises Ltd.*, 706 F. Supp. 2d 1248, 1253 (S.D. Fla. 2009) ("Several judges of the U.S. District Court for the Southern District of Florida have recently ruled that cruise-line sign-on employment agreements that incorporate by reference collective-bargaining agreements containing arbitration clauses constitute agreements in writing subject to the Convention."); *accord Hiotakis v. Celebrity Cruises, Inc*., 2011 U.S. Dist. Lexis 58396 (S.D. Fla. May 31, 2011).

By signing the Employment Agreement, the Plaintiff contractually agreed – ***in writing*** – that his employment with Norwegian was subject to mandatory arbitration pursuant to the agreement itself, the CBA incorporated by reference therein and the Convention. Paragraph 15 of the Employment Agreements states in relevant part as follows:

> ARBITRATION – *Seaman agrees, on his own behalf and on behalf of his heirs, executors, and assigns, that any and all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with Company including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, wages, or otherwise, no matter how described, pleaded or*

6

> *styled, and whether asserted against Company, Master, Employer, Ship Owner, Vessel or Vessel Operator, shall be referred to and resolved exclusively by binding arbitration* pursuant to the United Nations Convention and Recognition and Enforcement of Foreign Arbitral Awards (New York 1958 "The Convention"), except as otherwise provided in any government mandated contract, such as the Standard POEA Contract for Seafarers from the Philippines. The arbitration shall be administered by the American Arbitration Association ("AAA") under its International Dispute Resolution Procedures. No dispute may be joined with another lawsuit, or in an arbitration with a dispute for any other person, or resolved on a class-wide basis.
>
> \*\*\*
>
> The place of the arbitration shall be the Seaman's country of citizenship, unless arbitration is unavailable under The Convention in that country, in which case, and only in that case, said arbitration shall take place in Nassau, Bahamas. The substantive law to be applied to the arbitration shall be the law of the flag of the vessel.
>
> \*\*\*
>
> The Company and the Seaman acknowledge that they voluntarily and knowingly waive any right they have to a jury trial. The arbitration referred to in this Article is exclusive and mandatory. Lawsuits or other proceedings between the Seaman and the Company may not be brought except to enforce the arbitration provision of this Agreement or to enforce a decision of the Arbitrator.

*See* Exhibit "A" at ¶ 15 (emphasis added). Article 29, Section 7(a), of the CBA provides in relevant part:

> 7. Arbitration:
>
> a. The NSU, Seafarer and NCL agree that all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seafarer's shipboard employment with NCL including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, or otherwise, no matter how described, pleaded or styled, and whether asserted against NCL, Master, Employer, Ship Owner, Vessel or Vessel Operator … shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958) ("The Convention")[.]

*See* Exhibit "B" at Art. 29(7)(a). As the Employment Agreement and the CBA are in writing and both contain provisions requiring that any and all disputes be submitted to arbitration, criterion one is clearly satisfied.

7

### B.     The Agreement Provides for Arbitration in the Territory of a Convention Signatory

The Employment Agreement provides that "[t]he place of the arbitration shall be the Seaman's country of citizenship[.]" *See* Exhibit "A" at ¶ 15. The Plaintiff's country of citizenship is Argentina. *See* [D.E. 1-1 at ¶2]. Argentina ratified the Convention on March 14, 1989, incorporating its provisions into Argentinean law on June 12, 1989. *See* Status Information on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, attached hereto as Exhibit "D"; *See Lindo*, 652 F.3d 1257 (affirming the district court's decision to compel arbitration in regards to a seaman who was a citizen of Nicaragua, a signatory nation). Therefore, the agreement provides for arbitration in the territory of a Convention signatory and criterion two is satisfied.

### C.     The Agreement Arises out of a Commercial Legal Relationship

A seaman's contract for employment, such as the Plaintiff's, constitutes a commercial legal relationship for the purposes of compelling arbitration. *See Bautista*, 396 F.3d at 1300 ("The crewmembers' arbitration provisions constitute commercial legal relationships within the meaning of the Convention Act."); *Williams*, 2011 U.S. Dist. LEXIS 44101, *4 ("The arbitration agreement meets the third *Bautista* prong because [the plaintiff] was, during all material times, an employee of Royal Caribbean."); *Adolfo v. Carnival Corp.*, 2003 U.S. Dist. LEXIS 24143, *5 (S.D. Fla. Mar. 17, 2003) (finding that a seaman's employment with the defendant cruise line constituted a commercial legal relationship for the purposes of the Convention.); *Francisco,* 293 F.3d at 274 ("we conclude that an employment contract is 'commercial.'"); *Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1154-55 (9th Cir. 2008). Therefore, since the Plaintiff entered was an employee of Norwegian, the Plaintiff's Employment Agreement arises out of a commercial legal relationship and satisfies the third criterion of the analysis.

### D. The Plaintiff is a Foreign Citizen

The Plaintiff is a citizen of Argentina. *See* [D.E. 1-1 at ¶2]; *See also* Exhibit "A." All that is required to satisfy the fourth prong of the analysis is that one party to the agreement is not an American citizen. *Bautista*, 396 F.3d at 1303, n.7 ("It is beyond dispute that the second and fourth conditions are fulfilled in this case. The crewmembers' arbitration provisions provide for arbitration in the Philippines, a signatory of the Convention. The crewmembers are not American citizens, but are citizens of the Philippines."); *See Downer v. Royal Caribbean Cruises, Ltd.*, 2012 U.S. Dist. LEXIS 75233, *3 (S.D. Fla. May 31, 2012) ("Finally, Plaintiffs satisfy the fourth *Bautista* prong because none of them are American citizens."); *Lujan v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 45812, *11 (S.D. Fla. Apr. 2, 2012) ("Fourth, a party to the agreement is not an American citizen, satisfying the final jurisdictional prerequisite, because Lujan is a citizen of Peru."); *Williams v. Royal Caribbean Cruises, Ltd.*, 2011 U.S. Dist. LEXIS 44101, *4 (S.D. Fla. Apr. 18, 2011)("Finally, Plaintiff satisfies the fourth *Bautista* prong because he is a citizen of St. Vincent.").

Because Plaintiff is a citizen of Argentina, the analysis ends there. However, the Plaintiff was also employed aboard the *Norwegian Gem*, a cruise ship registered and flagged under the laws of the Bahamas. Accordingly, the fourth criterion which requires that one or more parties to the agreement not be an American citizen is satisfied.

### II. There are No Affirmative Defenses that Bar Arbitration.

Once the Court is satisfied that the four *Bautista* jurisdictional prerequisites are met, an order compelling arbitration is appropriate unless Plaintiff can show an affirmative defense under the Convention bars arbitration. The Plaintiff has the burden of proving that the arbitration clause itself is (1) null and void (2) inoperative or (3) incapable of being performed. *See* Exhibit "C," at

Art II, ¶3; *Bautista*, 396 F.3d at 1301-02; *Freudensprung v. Offshore Technical Services*, 379 F.3d 327, 341 (5th Cir. 2004). In considering any affirmative defenses, this Court must consider the evidence submitted by the Plaintiff not in light of "domestic" concerns over possible "hard bargaining" by an employer, but rather with deference to the unique circumstance of foreign arbitration and the drafters' concern that agreements not be judged with parochial views of desirability. *Bautista,* 396 F. 3d at 1302. An arbitration agreement is "null and void" within the meaning of the Convention "only where it is obtained through those limited situations, such as fraud, mistake, duress, and waiver, constituting standard breach-of-contract defenses that can be applied neutrally on an international scale." *Lindo*, 652 F. 3d at 1276.

Since Norwegian has met its burden of showing that there is an enforceable agreement to arbitrate, it is anticipated that Plaintiff will attempt a public policy argument in rebuttal. However, public policy arguments apply only at the arbitral award enforcement stage and not at the arbitration enforcement stage at issue here. *See Maxwell v. NCL (Bahamas), Ltd*., 454 F. App'x 709, 710 (11th Cir. 2011) ("[P]ublic policy is not a valid defense to enforcement of an arbitration agreement."); *See Centeno*, 2012 U.S. Dist. LEXIS at *; *Downer*, 2012 U.S. Dist. LEXIS at *3-5; *Lujan*, 2012 U.S. Dist. at *12-13. Additionally, public policy arguments "by definition cannot be applied 'neutrally on an international scale,' as each nation operates under different statutory laws and pursues different policy concerns." *Lindo*, 652 F. 3d at 1278; *Lujan*, 2012 U.S. Dist. at *12-13.

In *Centeno*, this plaintiff conceded that all four jurisdictional factors were met but nevertheless relied upon *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009) in arguing that the arbitration provisions were "void based on Article V of the Convention." *Centeno*, 2012 U.S. Dist. LEXIS at *6. This Court found that the plaintiff's reliance on *Thomas* was misplaced

10

in light of the Eleventh Circuit's more recent ruling in *Lindo. Id.* at *7. *Lindo* rejected "*Thomas* and [found] that the defense asserted in *Thomas* that the arbitration provision was unenforceable due to public policy is not available at the initial arbitration-enforcement stage where the parties are proceeding towards arbitration and is only available when a party is attempting to enforce an arbitral award." *Id.*; *Lindo,* 652 F.3d at 1277-1282. *Centeno* acknowledged that "*Lindo* is final and binding on this court." *Id.* at *10. As required by *Lindo*, this Court held that the "public policy defense was actually codified as a "defense to the *enforcement of arbitral awards* rather than as an affirmative defense to enforcement of arbitration itself." *Id.* (emphasis added). Accordingly, because the plaintiff did not have a valid defense to the application of the arbitration provision, the Court compelled arbitration.

This Court should follow suit and arrive at the same conclusion that the Plaintiff cannot avoid arbitration on public policy grounds at this stage in the proceedings. Therefore, since all four *Bautista* prerequisites are met and the Plaintiff cannot prove an affirmative defense, the arbitration clause should be enforced. The Plaintiff entered into an Employment Agreement with Norwegian freely and with notice of the mandatory arbitration provisions, the terms of the contract can be performed and either Argentina or the Bahamas is well equipped to arbitrate any and all claims raised by the Plaintiff.

## CONCLUSION

The arbitration provisions contained in Plaintiff's Employment Agreement and the applicable CBA are enforceable because all four jurisdictional prerequisites are met – the agreement is in writing, it provides for arbitration in the territory of a Convention signatory, it arises out of a commercial legal relationship and a party to the agreement is not an American citizen. Further, there are no affirmative defenses under the Convention that bar arbitration.

Therefore, pursuant to binding precedent, this Honorable Court should dismiss the Plaintiff's Complaint and order the Plaintiff to submit to arbitration.

WHEREFORE, by reason of the foregoing, Defendant NCL (Bahamas) Ltd. Respectfully requests this Court enter an order dismissing Plaintiff's Complaint and compelling Plaintiff to submit his claims to arbitration, and for all other relief deemed just and proper under the circumstances.

### **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(3)**

Undersigned counsel hereby certifies that counsel for the parties have conferred in a good faith effort to resolve the issues raised herein and that Counsel for Plaintiff is opposed to the relief sought herein.

Dated:  August 19, 2013
         Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

BY: */s/ Andrew D. Craven, Esq.*
    Jeffrey E. Foreman, Esq.
    Florida Bar No. 0240310
    jforeman@fflegal.com
    Andrew D. Craven, Esq.
    Florida Bar No. 185388
    acraven@fflegal.com
    Lisandra Guerrero, Esq.
    Florida Bar No. 98521
    lguerrero@fflegal.com
    One Biscayne Tower, Suite 2300
    2 South Biscayne Boulevard
    Miami, FL  33131
    Phone: 305-358-6555
    Fax: 305-374-9077
    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY I HEREBY CERTIFY that on August 19, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: */s/ Andrew D. Craven, Esq.*

**SERVICE LIST**

| | |
|---|---|
| Ricardo V. Alsina, Esq. | Jeffrey E. Foreman, Esq. |
| ralsina@lipcon.com | jforeman@fflegal.com |
| Lipcon, Margulies, Alsina & Winkleman, P.A. | Andrew D. Craven, Esq. |
| One Biscayne Tower, Suite 1776 | acraven@fflegal.com |
| 2. South Biscayne Blvd. | Lisandra Guerrero, Esq. |
| Miami, FL  33131 | lguerrero@fflegal.com |
| Phone: 305-373-3016 | Foreman Friedman, PA |
| Fax: 305-373-6204 | One Biscayne Tower, Suite 2300 |
| *Attorney for Plaintiff* | 2 South Biscayne Boulevard |
| | Miami, FL  33131 |
| | Phone:  305-358-6555 |
| | Fax:  305-374-9077 |
| | *Attorneys for Defendant* |